# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                             Case No. 06-31450-WRS
                                                                                   Chapter 7

SHIRLEY I. WATERS,

        Debtor.

## MEMORANDUM DECISION

This Chapter 7 bankruptcy case is before the Court upon the Trustee's objection to claim of exemption. (Doc. 17). The Trustee contends that the Debtor's Individual Retirement Account (IRA) is not exempt due to the existence, in this case, of claims for domestic support obligations (DSO). The Trustee seeks to administer the IRA, that is, convert it to cash and distribute the proceeds to the creditors holding DSO claims. The parties have filed briefs. (Docs. 47, 50). For the reasons set forth below, the Trustee's objection is OVERRULED.

## I. FINDINGS OF FACT

The pertinent facts here are not in dispute. Shirley Waters filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code on November 6, 2006. (Doc. 1). It appears that three priority claims for domestic support obligations have been filed.[1] Waters reports on Schedule B that she owns an Individual Retirement Account with a value of approximately $8,000. (Doc. 26). The IRA is claimed as exempt pursuant to Alabama Code § 19-3-1 (repealed 2007) on Schedule C. (Doc. 44). The Trustee contends that she may administer the IRA.

---

[1] See Claim Nos. 3, 5 and 6.

## II. CONCLUSIONS OF LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

The Trustee objects to the Debtor's claim that her IRA exempt, at least insofar as DSO creditors are concerned. (Doc. 17). The Trustee seeks to take possession of the IRA, convert it to cash, and distribute it to the holders of DSO claims.

The Chapter 7 Trustee's primary function is to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1). Property of the estate consists of most everything owned by the Debtor at the time she filed for bankruptcy. See 11 U.S.C. § 541. However, the Debtor may exempt certain property from property of the estate. See 11 U.S.C. § 522. The Bankruptcy Code provides a list of exemptions in subsection (d); however, it is further provided that States may opt out of the subsection (d) exemptions and provide their own. Alabama has opted out of the subsection (d) exemptions. See ALA. CODE § 6-10-11. Thus, to determine the Debtor's exemption, we look to Alabama law.

The Debtor has filed a claim of exemption in this case, claiming her IRA as exempt pursuant to Alabama Code § 19-3-1 (repealed 2007);[2] see also, In re Navarre, 332 B.R. 24, 31 (Bankr. M.D. Ala. 2004) (concluding that an IRA was not excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2) and that an IRA was exempt pursuant to section 522(b) and Alabama Code § 19-3-1). The Trustee does not dispute that the Debtor may claim her IRA as exempt pursuant to 11 U.S.C. § 522(b) and Alabama Code § 19-3-1. However, the Trustee

---

[2] Although Alabama Code § 19-3-1 was repealed effective January 1, 2007, this case was filed on November 6, 2006, and therefore that section applies.

-2-

contends that section 522(c)(1) overrides the Debtor's right to exempt property where, as here, there are creditors who hold DSO claims.

Section 522(c)(1) provides as follows:

> (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt has arisen, before the commencement of the case, except–
>
>> (1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in section 523(a)(5)).

11 U.S.C. § 522(c)(1).

Section 523(a)(5) excepts from the Debtor's discharge, debts for a domestic support obligation, which are debts for alimony, maintenance or support. See 11 U.S.C. § 101(14A). For purposes of this decision, the Court will assume that claims 3, 5 and 6 are for DSO claims.[3]

The Trustee argues that section 522(c)(1) makes the Debtor's IRA subject to administration by the Trustee for distribution to the holders of DSO claims. The Court does not accept the Trustee's interpretation of these provisions. The proper analysis consists of three steps. First, we must consider whether the IRA is property of the estate within the meaning of section 541. As the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It is clear enough that the IRA is

---

[3] This is not to preclude the Trustee, or any party in interest, from objecting to any of these claims on their merits. Moreover, either the Debtor or any of the holders of DSO claims may filed an Adversary Proceeding to determine the dischargeability of the indebtedness. In other words, the Court is not making a finding the claims are in fact DSO claims; rather, it is assuming they are, merely for the purposes of this decision.

-3-

such an interest, and therefore it is property of the estate. The second step is to determine whether the property is exempt pursuant to section 522(b). Again, it appears to be clear enough that the Debtor's IRA is properly exempt under section 522(b) and Alabama Code § 19-3-1. Indeed, the Trustee does not argue to the contrary.

The dispute here centers on the third step. Whether property, which is properly exempt pursuant to section 522(b) and Alabama Code § 19-3-1, is somehow overridden by section 522(c). Section 522(c)(1) does nothing more than remove the bar of section 522(c), which provides that property which is exempt from the estate is not liable to the claims of creditors even after the bankruptcy case is closed. This means that the holders of DSO claims are not barred by Federal bankruptcy law from pursuing exempt property after the case is over.

One should bear in mind that once property passes through a bankruptcy estate and is properly claimed as exempt, not only is that property not subject to administration by the Trustee, but those creditors whose debts survive the debtor's discharge may not pursue exempt property, even after the bankruptcy case has played itself out. That is the bar of section 522(c). However, the section 522(c) bar contains an exception for two narrowly defined classes of creditors. These are section 523(a)(1) claims for certain taxes, and section 523(a)(5) for DSO claims. Congress has given these two narrowly defined classes of creditors a green light to pursue exempt property after the debtor receives his discharge.[4]

---

[4] Once the petition in bankruptcy is filed, the automatic stay comes into effect which prevents creditors from taking further action against the debtor and her property. See 11 U.S.C. § 362(a). There are no exceptions to section 362(a) which are analogous to section 522(c)(1). Therefore, the tax and domestic support creditors are stayed. When the Chapter 7 discharge is entered, the automatic stay terminates. See 11 U.S.C. § 362(c)(2)(C). Those creditors whose debts are discharged are stayed from taking action pursuant to the discharge injunction. See 11

-4-

Case 06-31450   Doc 59   Filed 06/25/07   Entered 06/25/07 12:01:32   Desc Main
Document      Page 4 of 5

Section 522(c)(1) was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. There are four reported decisions in which Chapter 7 trustees have made the same argument as that made by the Trustee here and in all four cases, the trustees' objections have been overruled. This Court joins the four courts which have published opinions on this question. In re Vandeventer, ___ B.R. ___, 2007 WL 1175734 (Bankr. C.D. Ill. Apr. 20, 2007); In re Quezada, ___ B.R. ___, 2007 WL 438258 (Bankr. S.D. Fla. Feb. 7, 2007); In re Ruppel, ___ B.R. ___, 2007 WL 108941 (Bankr. D. Or. Jan. 9, 2007); In re Covington, ___ B.R. ___, 2006 WL 2734253 (Bankr. E.D. Cal. Sept. 22, 2006).

### III. CONCLUSION

For the reasons set forth above, the Trustee's objection is OVERRULED.

Done this the 25th day of June, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge

---

U.S.C. § 524(a)(2). Those creditors whose debts are excepted from discharge pursuant to section 523 – with the exception of tax and DSO creditors – may pursue the debtor, but are barred from proceeding against her exempt property pursuant to section 522(c). The most favored creditors are those who hold nondischargeable taxes or DSO claims, as they are not only free to pursue the debtor, but they are not barred by section 522(c).